**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| RANDALL SOUSA </br></br> *Plaintiff*, </br></br> v. </br></br> CIRCUIT COURT OF FAIRFAX COUNTY, et al., </br></br> *Defendants*. | Civil Action No. 1:21-cv-01304 </br></br> Hon. Michael S. Nachmanoff |

## ORDER

This matter comes before the Court on plaintiff Randall Sousa's *Ex Parte* Application and Motion for Temporary Restraining Order and Order to Show Cause (Dkt. Nos. 10, 12).

As plaintiff recognizes, the question of whether to issue a temporary restraining order or preliminary injunction "is committed to the sound discretion of the trial court." *Quince Orchard Valley Citizens Ass'n, Inc. v. Model*, 872 F.2d 75, 78 (4th Cir. 1989). The Court considers four factors when weighing whether (and how) to exercise that discretion: "a plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008).

Plaintiff, as the moving party, must establish that each factor weighs in his favor "by a 'clear showing.'" *Parson v. Alcorn*, 157 F. Supp. 3d 479, 491 (E.D. Va. 2016) (quoting *Winter*, 555 U.S. at 22). A "failure to show any one of the relevant factors mandates denial of the preliminary injunction [or temporary restraining order]." *Id*.

Here, the Court finds plaintiff has failed to make a "clear showing" that any of the relevant factors weigh in his favor.

*First*, the Court finds that plaintiff is unlikely to succeed on the merits of his underlying claims. The Court's decision to grant plaintiff's *in forma pauperis* application in no way supports the contention that plaintiff is likely to succeed on the merits of his claims. *See Nicholson v. Clarke*, Case No. 1:13-cv-1397, 2013 WL 12099299, at *1 (E.D. Va. Nov. 20, 2013) (granting an *in forma pauperis* petition does not foreclose a court from dismissing the underlying complaint under Fed. R. Civ. P. 12(b)(6)).

*Second*, plaintiff has made no colorable claim that he will suffer irreparable harm in the absence of preliminary relief. The harm plaintiff alleges depends entirely on a finding that the Fairfax Circuit Court order, and its enforcement, deprived him of his constitutional rights under the Fifth and Eighth Amendments. Because the Court finds plaintiff is unlikely to succeed on the merits of his constitutional claims, the Court similarly cannot find plaintiff is likely to suffer irreparable harm absent injunctive relief.

*Third*, for the same reason, the hardship plaintiff describes depends entirely on an antecedent finding that plaintiff's constitutional rights have been violated by the Fairfax Circuit Court. Because plaintiff has not made a clear showing that such claims have merit, the Court is unable to find that the balance of equities tips in his favor.

*Fourth*, plaintiff argues that the relief sought does not affect the "public interest" because plaintiff does not seek to enjoin "the entire Circuit Court in its regular affairs." To the extent the public interest is to be considered, it weighs in favor of denying relief as the enforcement of sanctions orders serves a critical function in the administration of justice.

Moreover, the United States Court of Appeals for the Fourth Circuit has "ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter

how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding." *Harvey v. Small*, Case No. 1:09-cv-3117, 2010 WL 3463877, at *2 (D.S.C. Aug. 3, 2010) (citing *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989)); *see also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) (*en banc* 1976) ("Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."). The record shows that Mr. Sousa unsuccessfully has attempted to raise his constitutional claims in Virginia's state courts. *See* Dkt. Nos. 1-6 at 6–7 (documenting Mr. Sousa's attempts at appeal); 13-2 at 1 (referencing Mr. Sousa's prior attempts to raise his constitutional concerns with the state courts). For this additional reason, the Court concludes it cannot grant Mr. Sousa's instant motions.

Accordingly, the plaintiff's *Ex Parte* Application and Motion for Temporary Restraining Order and Order to Show Cause (Dkt. Nos. 10, 12) are **DENIED**.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff forthwith.

It is **SO ORDERED.**

January 18, 2022  
Alexandria, Virginia

/s/  
Hon. Michael S. Nachmanoff  
United States District Judge