# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

RANDALL SOUSA, )
)
)
_____ )
*Plaintiff,* )
)
v. ) Civil Action No: 21-cv-01304-MSN-JFA
)
CIRCUIT COURT OF FAIRFAX COUNTY )
and WILLBERG CHAPILLIQUEN, )
)
_____ )

*Defendants*

## DEFENDANT WILLBERG CHAPILLIQUEN'S ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND MOTION TO DISMISS UNDER RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW a Defendant in the above-styled action, WILLBERG CHAPILLQUEN, by and through counsel, and provides the following answers and responsive motions to Plaintiff RANDALL SOUSA'S Complaint for Declaratory Relief (Violation of Fifth Amendment – Due Process Clause) and Complaint for Declaratory Relief (Violation of Eighth Amendment – Excessive Fines Clause).

1. Defendant lacks personal knowledge of the allegations stated in Paragraphs 1-3 of Plaintiff's Complaint as they relate to parties other than WILLBERG CHAPILLIQUEN and can neither admit nor deny that they are factually correct. Where allegations in those paragraphs do make statements concerning any action against Defendant WILLBERG CHAPILLIQUEN, Defendant denies those allegations and demands strict proof thereof.

2. Defendant denies the allegation stated in Paragraph 4 of the Plaintiff's Complaint that he is an adult resident of the State of Maryland and was residing there at all relevant times.

*Sousa v. Chapilliquen*
*Case No:* 21-cv-01304-MSN-JFA
Page **1** of **21**

The transcript attached by Plaintiff to his Complaint as Exhibit 3 provide Defendant's testimony provided at trial on June 11, 2019 where he states under oath that he is a resident and domiciliary of Virginia.

3.      Defendant denies the allegations stated in Paragraph 5 that vicarious liability is applicable in this matter and demands strict proof thereof. Plaintiff further denies all other allegations stated in Paragraph 5 and demands strict proof thereof.

4.      Defendant denies any allegations stated in Paragraphs 6, 7, 8, and 9 and demands strict proof thereof. Defendant denies that there has been any violation of Plaintiff's rights under the Constitution, laws or treaties of the United States and Demands strict proof thereof. Defendant denies that Plaintiff's civil rights have been violated and demands strict proof thereof.

5.      Defendant admits that venue is proper as stated in Paragraph 10 of Plaintiff's Complaint.

6.      Defendant lacks personal knowledge of the allegations stated in Paragraph 11 of Plaintiff's Complaint, however, the amount of time that Plaintiff was practicing law in the Commonwealth of Virginia does not absolve him of his obligation to practice law in the Commonwealth of Virginia in a manner that conforms with its statutes and with the Rules of Professional Conduct. Defendant moves to dismiss the allegation of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

7.      Defendant lacks personal knowledge of the allegations stated in Paragraph 12 of Plaintiff's Complaint. This paragraph, however, constitutes an admission that Plaintiff failed to observe Rule 1.1 of the Rules of Professional Conduct.

8.      Defendant admits the allegations stated in Paragraph 13 of Plaintiff's Complaint that Plaintiff represented Ms. Sara Chapilliquen in the matter of Chapilliquen v. Chapilliquen, Case No. CL2018-11016.

9.      Defendant lacks personal knowledge of the allegations stated in Paragraph 14 of Plaintiff's Complaint to the extent that they make any claims concerning conversations that Plaintiff and Ms. Sara Chapilliquen had in Plaintiff's office. Defendant admits that Ms. Sara Chapilliquen does not speak English as a first language, that the divorce complaint was filed in Fairfax County Circuit Court.

10.     Defendant lacks personal knowledge of the allegations stated in Paragraph 15 of Plaintiff's Complaint to the extent that they make any claims concerning observations that Plaintiff made during the consultation or concerning what Ms. Sara Chapilliquen and Plaintiff discussed during the consultation. Defendant denies that he was cutting Ms. Sara Chapilliquen off financially or that he was leaving her for a younger woman. As neither allegation, regardless of truth, directly relates to this matter, Defendant moves to dismiss the allegation of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

11.     Defendant lacks personal knowledge of the allegations stated in Paragraph 16 of Plaintiff's Complaint to the extent that they make any claims concerning observations that Plaintiff made during the consultation or concerning what Ms. Sara Chapilliquen and Plaintiff discussed during the consultation. Defendant denies that he was abusive of Ms. Sara Chapilliquen during the marriage, that any financial disclosures were required of him, and that he concealed existence of assets. Plaintiff signed a scheduling order in the Circuit Court matter on October 2, 2018, and failed to propound discovery on his client's behalf until after the deadline to complete discovery had passed. As none of the above allegations, regardless of truth, directly

relates to this matter, Defendant moves to dismiss the allegation of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

12.     Defendant lacks personal knowledge of the allegations stated in Paragraph 17 of Plaintiff's Complaint to the extent that they make any claims concerning observations that Plaintiff made throughout the representation, concerning what Ms. Sara Chapilliquen and Plaintiff discussed during the representation, and concerning any agreement between Plaintiff and Ms. Sara Chapilliquen regarding Plaintiff's attorney fees. Defendant affirmatively states that Plaintiff filed a motion for *pendente lite* relief on behalf of Ms. Sara Chapilliquen and set the motion to be heard in the Circuit Court on December 7, 2018. Plaintiff failed to confer or attempt to confer with counsel for Defendant in advance of filing the motion or to make sure that counsel for Defendant had the date available in advance of filing the motion, both of which are required by Rule 4:15 of the Rules of the Supreme Court of Virginia, and counsel for Defendant had to contact the court to notify them as to her being unavailable on that date. Defendant entered into an agreed order on December 7, 2018 moving the motion to December 14, 2018. On December 14, 2018, Defendant and his counsel appeared prepared to argue the motion. Neither Plaintiff nor his client appeared for the motion, and it was dismissed without prejudice. Plaintiff did not re-file the motion, and Plaintiff did not request an advance of counsel fees in any settlement discussions. As none of the allegations, regardless of truth, directly relate to this matter, Defendant moves to dismiss the allegation of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

13.     Defendant lacks personal knowledge of the allegations stated in Paragraph 18 of Plaintiff's Complaint to the extent that they make any claims concerning observations that Plaintiff made during the consultation or concerning what Ms. Sara Chapilliquen and Plaintiff

discussed during the consultation. Defendant affirmatively states that he issued a settlement proposal, through counsel, on September 18, 2018, to which Plaintiff never responded. On May 14, 2019, after months of no response, Defendant, through counsel, withdrew the September 18, 2018 offer and issued a second settlement proposal, to which Plaintiff did not respond. As none of the allegations, regardless of truth, directly relate to this matter, Defendant moves to dismiss the allegation of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

14.     Defendant lacks personal knowledge of the allegations stated in Paragraph 19 of Plaintiff's Complaint to the extent that they make any claims concerning Plaintiff's thought process during the course of the Fairfax Circuit Court litigation. Defendant admits that he retained Erin C. Barr in the divorce matter filed and heard in the Fairfax County Circuit Court, and that from the day that Defendant retained Ms. Barr until the conclusion of the hearing, that she was an employee of Pikrallidas and Associates. Defendant affirmatively states that throughout the pendency of the litigation that he authorized two settlement proposals which were sent to Plaintiff and were not answered. As neither allegation, regardless of truth, directly relates to this matter, Defendant moves to dismiss the allegation of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

15.     Defendant admits the allegations stated in Paragraph 20 of Plaintiff's Complaint to the extent that Plaintiff stated that he did not believe that the settlement proposals were fair to his client. Defendant affirmatively states that Plaintiff did not discuss resolution of the litigation until the afternoon of June 10, 2019, the day before the hearing was scheduled to begin. Defendant further states that Plaintiff had the opportunity to conduct discovery into all issues in controversy in the divorce matter, but failed to issue it in accordance with the deadlines

*Sousa v. Chapilliquen*
*Case No:* 21-cv-01304-MSN-JFA
Page **5** of **21**

established in the Fairfax County Circuit Court's Domestic Scheduling Order. As the allegations, regardless of truth, directly relate to this matter, Defendant moves to dismiss the allegation of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

16.    Defendant lacks personal knowledge of the allegations stated in Paragraph 21 of Plaintiff's Complaint to the extent that they make any claims concerning observations that Plaintiff made during the representation or concerning what Ms. Sara Chapilliquen and Plaintiff discussed during the representation. Defendant affirmatively states that in filing his motion, Plaintiff failed to observe the relevant rules for filing a motion in Circuit Court, that Plaintiff failed to respond to settlement proposals in any manner until the day before trial, and that Plaintiff failed to issue discovery requests until May, 2019 in violation of the Scheduling Order entered by the Court. As none of the allegations, regardless of truth, directly relate to this matter, Defendant moves to dismiss the allegation of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

17.    Defendant admits that the allegations stated in Paragraph 22 of Plaintiff's Complaint are correct, and that the copy of the Motion attached as Exhibit 1 is a true and accurate copy of the Motion for Temporary Attorney Fees and Supporting Affidavits filed by Plaintiff.

18.    Defendant admits that the allegations stated in Paragraph 23 and 24 of Plaintiff's Complaint are correct to the extent that the accurately quote the document referenced.

19.    Defendant admits that the allegations stated in Paragraph 25 of Plaintiff's Complaint are correct to the extent that the motion was denied. Defendant further states that the relief sought in the motion were denied without prejudice due to the fact that neither Plaintiff nor his client appeared to argue in favor of the motion on the date of the hearing, and that the denial

*Sousa v. Chapilliquen*
*Case No:* 21-cv-01304-MSN-JFA
Page **6** of **21**

was without prejudice, leaving Plaintiff and his client the opportunity to have the motion heard on another date.

20.     Defendant lacks personal knowledge of the allegations stated in Paragraph 26 of Plaintiff's Complaint to the extent that they make any claims concerning observations that Plaintiff made or communications that he had during his representation of Ms. Sara Chapilliquen which are protected by attorney-client privilege and/or the attorney work product doctrine. Defendant further states that Plaintiff had knowledge of the deadlines stated in the Scheduling Order entered in the matter and that Plaintiff had or should have had knowledge of discovery deadlines and obligations both stated in the Rules of the Supreme Court of Virginia and the instructions provided with Defendant's discovery requests.

21.     Defendant lacks personal knowledge of the allegations stated in Paragraph 27 of Plaintiff's Complaint to the extent that they make any claims concerning observations that Plaintiff made or communications that he had during his representation of Ms. Sara Chapilliquen which are protected by attorney-client privilege and/or the attorney work product doctrine. Defendant denies that Plaintiff served opposing counsel objections to discovery prior to a motion to compel having been filed. Defendant further states that discovery objections must be timely made. Responses to discovery were due on December 28, 2018, twenty-one days after service. On January 3, 2019 Defendant provided written notice that answers and responses were overdue, and Plaintiff stated that they would be provided by January 14, 2019. No answers and responses were provided, and on January 22, 2019, Defendant filed a motion to compel discovery responses. Plaintiff did not provide objections until March 4, 2019, over two months after the date that any objections were due.

22.     Defendant admits the allegations stated in Paragraph 28 of Plaintiff's Complaint to the extent that Sara Chapilliquen, the party in the Circuit Court matter, had an obligation to provide discovery answers and responses.

23.     Defendant admits the allegations stated in Paragraph 29 of Plaintiff's Complaint to the extent that the order attached is a copy of the February 8, 2019 order.

24.     Defendant lacks personal knowledge of the allegations stated in Paragraph 30 of Plaintiff's Complaint to the extent that they make any claims concerning observations that Plaintiff made or communications that he had during his representation of Ms. Sara Chapilliquen which are protected by attorney-client privilege and/or the attorney work product doctrine.

25.     Defendant lacks personal knowledge of the allegations stated in Paragraph 31 of Plaintiff's Complaint to the extent that they make any claims concerning observations that Plaintiff made or communications that he had during his representation of Ms. Sara Chapilliquen which are protected by attorney-client privilege and/or the attorney work product doctrine.

26.     Defendant admits the allegations stated in Paragraph 32 of Plaintiff's Complaint that on March 1, 2019 Defendant filed a Motion for Sanctions.

27.     Defendant lacks personal knowledge of the allegations stated in Paragraph 33 of Plaintiff's Complaint to the extent that they make any claims concerning observations that Plaintiff made or communications that he had during his representation of Ms. Sara Chapilliquen which are protected by attorney-client privilege and/or the attorney work product doctrine.

28.     Defendant lacks personal knowledge of the allegations stated in Paragraph 34 of Plaintiff's Complaint to the extent that they make any claims concerning observations that Plaintiff made or communications that he had during his representation of Ms. Sara Chapilliquen which are protected by attorney-client privilege and/or the attorney work product doctrine.

*Sousa v. Chapilliquen*
*Case No:* 21-cv-01304-MSN-JFA
Page **8** of **21**

29.     Defendant lacks personal knowledge of the allegations stated in Paragraph 35 of Plaintiff's Complaint to the extent that they make any claims concerning observations that Plaintiff made or communications that he had during his representation of Ms. Sara Chapilliquen which are protected by attorney-client privilege and/or the attorney work product doctrine. Defendant further states that Plaintiff admits in this paragraph that neither he nor his client possessed any knowledge of the assets at issue in the divorce matter and that Defendant neglected to issue any subpoenas or requests for information until the eve of trial. Defendant further states that Plaintiff had an obligation to provide any objections by no later than December 28, 2018, and that he had failed to do so. Defendant denies that he sought to overrule the objections made to discovery for the sole reason that the answers and responses were incomplete.

30.     Defendant admits the allegations stated in Paragraph 36 of Plaintiff's Complaint to the extent that a motion to compel was filed based upon the answers and responses that Plaintiff provided in this matter.

31.     Defendant admits the allegations stated in Paragraph 37 of Plaintiff's Complaint to the extent that they accurately quote the order entered by Judge Oblon on April 26, 2019. Defendant further states that Plaintiff did not provide any discovery responses apart from the answers and responses provided on March 4, 2019, in violation of the order entered on April 26, 2019.

32.     Defendant admits the allegations stated in Paragraph 38 of Plaintiff's Complaint to the extent that the transcript attached is the transcript of the hearing in this matter.

33.     Defendant admits the allegations stated in Paragraph 39 of Plaintiff's Complaint to the extent that the hearing was set for a two-day trial starting on June 11, 2019 and that the Hon. David Bernhard was assigned to hear his matter.

34.     Defendant admits the allegations stated in Paragraph 40 of Plaintiff's Complaint to the extent that he filed a Motion in Limine on June 4, 2019. Defendant further states that, pursuant to the Domestic Relations Case Scheduling Order, any motion in limine that requires argument exceeding five minutes shall be duly noticed and heard before the applicable trial date. Due to Plaintiff's failure to abide by any order entered by the court concerning discovery answers and responses, and due to Plaintiff's failure to file a Witness and Exhibit List fifteen days in advance of the hearing date, Defendant did not believe that argument on this matter would take more than five minutes.

35.     Defendant admits the allegations stated in Paragraph 41 of Plaintiff's Complaint to the extent that the exhibit attached is the motion filed by Defendant.

36.     Defendant admits the allegations stated in Paragraph 42 of Plaintiff's Complaint to the extent that it states the relief sought in the motion in limine. Defendant further states that pursuant to the Domestic Relations Case Scheduling Order, separate notice was not required for this motion.

37.     Defendant admits the allegations stated in Paragraph 43 of Plaintiff's Complaint to the extent that this is an accurate recitation of the Scheduling Order and the Uniform Pretrial Scheduling Order provided in the Appendix following Part One of the Rules of Supreme Court of Virginia, referenced in Rule 1:18(B).

38.     Defendant admits the allegations stated in Paragraph 44 of Plaintiff's Complaint to the extent that based upon Plaintiff's failure to abide by the discovery orders entered in February, 2019 and April, 2019 and further failure to file a witness and exhibit list in advance of the hearing date that counsel believed in good faith that this matter could be argued and ruled

upon within five minutes. Defendant denies that this belief was fanciful and demands strict proof thereof.

39.    Defendant admits the allegations stated in Paragraph 45 of Plaintiff's Complaint to the extent that the motion in limine was taken up as a preliminary matter at the start of the hearing.

40.    Defendant admits the allegations stated in Paragraph 46 of Plaintiff's Complaint to the extent that the portion of the transcript containing argument on the motion in limine is in the citations provided.

41.    Defendant admits the allegations stated in Paragraphs 47, 48, 49, and 50 of Plaintiff's Complaint to the extent that the portion of the transcript cited therein is accurate. Defendant denies any other allegations contained therein and demands strict proof thereof.

42.    Defendant admits the allegations stated in Paragraph 51 of Plaintiff's Complaint to the extent that the portion of the transcript cited therein is accurate. Defendant lacks personal knowledge of the allegations stated in Paragraph 51 of Plaintiff's Complaint to the extent that they make any claims concerning observations that Plaintiff made or communications that he had during his representation of Ms. Sara Chapilliquen which are protected by attorney-client privilege and/or the attorney work product doctrine.

43.    Defendant admits the allegations stated in Paragraph 52 of Plaintiff's Complaint to the extent that the portion of the transcript cited therein is accurate. Defendant denies any other allegations and demands strict proof thereof.

44.    Defendant admits the allegations stated in Paragraph 53 of Plaintiff's Complaint to the extent that the portion of the transcript cited therein is accurate. Defendant denies any other allegations and demands strict proof thereof.

45.     Defendant admits the allegations stated in Paragraphs 54 and 55 of Plaintiff's Complaint to the extent that the portion of the transcript cited therein is accurate. Defendant denies any other allegations and demands strict proof thereof.

46.     Defendant admits the allegations stated in Paragraph 56 of Plaintiff's Complaint to the extent that Defendant included in his requests for relief that he be awarded costs and fees, including attorney fees, in his motion in limine. Defendant further states that he requested the same relief in each discovery motion that he filed, as well as in his Complaint for Divorce, and that he listed an Attorney Fee Affidavit as a proposed exhibit on his Exhibit List.

47.     Defendant admits the allegations stated in Paragraph 57 of Plaintiff's Complaint to the extent that the portion of the transcript cited therein is accurate.

48.     Defendant admits the allegations stated in Paragraph 58 of Plaintiff's Complaint to the extent that the portion of the transcript cited therein is accurate. Defendant further states that following the close of evidence on June 11, 2019 that Plaintiff did not provide any evidence to the court or to Defendant that he had supplemented his client's discovery answers and responses at any time between the initial responses and the date of trial. Defendant denies any other allegations and demands strict proof thereof.

49.     Defendant denies the allegations stated in Paragraph 59 of Plaintiff's Complaint and demands strict proof thereof. Defendant further states that the July 30, 2019 Letter Opinion is not an Order, and that the Final Order in this matter was entered on August 8, 2019.

50.     Defendant admits the allegations stated in Paragraph 60 of Plaintiff's Complaint to the extent that Plaintiff was personally sanctioned $11,000.00 pursuant to Rule 4:12(d) of the Rules of the Supreme Court of Virginia and § 8.01-271.1 of the Code of Virginia, 1950, as amended. Defendant denies all remaining allegations and demands strict proof thereof.

51.     Defendant admits the allegations stated in Paragraph 61 of Plaintiff's Complaint to the extent that Exhibit 5 is an accurate copy of the July 30, 2019 Opinion Letter. Defendant denies that this letter constitutes an order and demands strict proof thereof.

52.     Defendant denies the allegations stated in Paragraph 62 of Plaintiff's Complaint and demands strict proof thereof.

53.     Defendant admits the allegations stated in Paragraphs 63, 64, 65, 66, and 67 of Plaintiff's Complaint to the extent that the law and cases are accurately cited. Defendant denies all other allegations stated therein and demands strict proof thereof.

54.     Defendant denies the allegations stated in Paragraph 68 of Plaintiff's Complaint and demands strict proof thereof. In becoming a practicing attorney, Plaintiff held himself out as a person who is familiar with the Code of Virginia, the Rules of the Supreme Court of Virginia, and the Rules of Professional Conduct for attorneys. Not only did Plaintiff have an obligation to uphold the laws and procedures stated therein, Plaintiff knew or should have known the consequences for violating or neglecting to follow all applicable laws and procedures.

55.     Defendant admits the allegations stated in Paragraph 69 of Plaintiff's Complaint to the extent that Defendant requested that he be awarded attorney fees as part of the relief stated in the motion in limine. Defendant further states that he requested attorney fees as part of the relief that he requested in the Motion to Compel heard on February 8, 2019, the Motion to Compel heard on April 26, 2019, and in his Complaint for Divorce, filed on July 24, 2018. Defendant denies all other allegations and demands strict proof thereof.

56.     Defendant admits the allegations stated in Paragraph 70 of Plaintiff's Complaint to the extent that they correctly restate the Scheduling Order.

57.     Defendant denies the allegations stated in Paragraph 71 of Plaintiff's Complaint and demands strict proof thereof.

58.     Defendant denies the allegations stated in Paragraph 72 of Plaintiff's Complaint and demands strict proof thereof.

59.     Defendant denies the allegations stated in Paragraph 73 of Plaintiff's Complaint and demands strict proof thereof.

60.     Defendant moves to dismiss Paragraphs 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, and 73 of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

61.     Defendant admits the allegations stated in Paragraph 74, 75, and 76 of Plaintiff's Complaint to the extent that the law and cases are accurately cited.

62.     Defendant denies the allegations stated in Paragraph 77 of Plaintiff's Complaint and demands strict proof thereof.

63.     Defendant admits the allegations stated in Paragraph 78, 79, and 80 of Plaintiff's Complaint to the extent that the law and cases are accurately cited.

64.     Defendant denies the allegations stated in Paragraph 81 of Plaintiff's Complaint and demands strict proof thereof.

65.     Defendant moves to dismiss Paragraphs 74, 75, 76, 77, 78, 79, 80, and 81 of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

66.     Defendant admits the allegations stated in Paragraph 82 of Plaintiff's Complaint to the extent that the portion of the transcript cited therein is accurate.

67.     Defendant denies the allegations stated in Paragraph 83 of Plaintiff's Complaint and demands strict proof thereof.

68.     Defendant denies the allegations stated in Paragraph 84 of Plaintiff's Complaint and demands strict proof thereof.

69.     Defendant denies the allegations stated in Paragraph 85 of Plaintiff's Complaint and demands strict proof thereof.

70.     Defendant admits the allegations stated in Paragraph 86 of Plaintiff's Complaint to the extent that the portion of the July 30, 2019 letter opinion cited therein is accurate. Defendant denies that the July 30, 2019 letter opinion constitutes an order and demands strict proof thereof.

71.     Defendant denies the allegations stated in Paragraph 87 of Plaintiff's Complaint and demands strict proof thereof.

72.     Defendant denies the allegations stated in Paragraph 88 of Plaintiff's Complaint and demands strict proof thereof. Rule 4:12(b)(2) states that "if a party or an officer, director, or managing agent of a party or a person designated under Rule 4:5(b) (6) or 4:6(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this Rule or Rule 4:10, the court in which the action is pending may make such orders in regard to the failure as are just…" Here, Plaintiff's client was ordered to provide answers and responses in two separate orders: the first entered on February 8, 2019; the second entered on April 26, 2019.

73.     Defendant denies the allegations stated in Paragraph 89 of Plaintiff's Complaint and demands strict proof thereof.

74.     Defendant admits the allegations stated in Paragraph 90 of Plaintiff's Complaint to the extent that Plaintiff provided objections to discovery. As stated elsewhere herein, the

objections were not timely made as required by the Rules of Supreme Court of Virginia, and Plaintiff's objections were overruled in their entirety by the Order entered on April 26, 2019.

75.    Defendant denies the allegations stated in Paragraph 91 of Plaintiff's Complaint and demands strict proof thereof.

76.    Defendant denies the allegations stated in Paragraph 92 of Plaintiff's Complaint and demands strict proof thereof.

77.    Defendant moves to dismiss Paragraphs 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, and 92 of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

78.    Defendant denies the allegations stated in Paragraph 93 of Plaintiff's Complaint and demands strict proof thereof.

79.    Defendant denies the allegations stated in Paragraph 94 of Plaintiff's Complaint and demands strict proof thereof.

80.    Defendant admits the allegations stated in Paragraph 95 of Plaintiff's Complaint to the extent that the portion of the transcript cited therein is accurate.

81.    Defendant admits the allegations stated in Paragraph 96 of Plaintiff's Complaint to the extent that the portion of the citation therein is accurate. Defendant denies all other allegations and demands strict proof thereof. Defendant further states that in Plaintiff's Complaint, Plaintiff cites the portion of the transcript where he was instructed by the Court to provide substantiation to his statement that he had supplemented his client's discovery responses.

82.    Defendant admits the allegations stated in Paragraph 97 of Plaintiff's Complaint to the extent that the portion of the transcript cited therein is accurate. Defendant denies all other allegations and demands strict proof thereof.

83.     Defendant denies the allegations stated in Paragraph 98 of Plaintiff's Complaint and demands strict proof thereof. Rule 4:12(a)(4) of the Rules of Supreme Court of Virginia states that if a motion is granted, the court must "require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order…"

84.     Defendant denies the allegations stated in Paragraph 99 of Plaintiff's Complaint and demands strict proof thereof. In addition to the portion of Rule 4:12(a)(4) of the Rules of Supreme Court of Virginia cited herein above, which provides notice to counsel that they may be liable for fees incurred in a discovery motion, Sousa had notice, as one who has held himself out to be knowledgeable of the laws of the Commonwealth of Virginia, that he can be sanctioned for failure to follow § 8.01-271.1, Code of Virginia, 1950, as amended. The court does not need to provide notice that it shall enforce its own rules and laws.

85.     Defendant denies the allegations stated in Paragraph 100 of Plaintiff's Complaint and demands strict proof thereof.

86.     Defendant denies the allegations stated in Paragraph 101 of Plaintiff's Complaint and demands strict proof thereof.

87.     Defendant moves to dismiss Paragraphs 93, 94, 95, 96, 97, 98, 99, 100, and 101 of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

88.     Defendant admits the allegations stated in Paragraph 102 of Plaintiff's Complaint to the extent that subsequent to the Order being entered on August 8, 2019, Defendant has been compelled to file two separate Verified Petitions and Rules to Show Cause against Plaintiff for his continuing violation of the Order. Defendant denies all other allegations and demands strict proof thereof.

*Sousa v. Chapilliquen*
*Case No:* 21-cv-01304-MSN-JFA
Page **17** of **21**

89.     Defendant admits the allegations stated in Paragraph 103 of Plaintiff's Complaint to the extent that it is an accurate copy of a pleading filed by Defendant seeking that Plaintiff be held in civil contempt of court and that the August 8, 2019 Order be enforced. Defendant denies all other allegations and demands strict proof thereof.

90.     Defendant admits the allegations stated in Paragraph 104 of Plaintiff's Complaint to the extent that the entire bench of the Fairfax Circuit Court has recused itself from presiding over any matter in which Plaintiff is involved. Defendant further states that this has been effective as of an Order entered by the Fairfax Circuit Court on September 9, 2020 pursuant to § 17.1-105B of the Code of Virginia, 1950, as amended.

91.     Defendant denies the allegations stated in Paragraph 105 of Plaintiff's Complaint and demands strict proof thereof.

92.     Defendant denies the allegations stated in Paragraph 106 of Plaintiff's Complaint and demands strict proof thereof.

93.     Defendant denies the allegations stated in Paragraph 107 of Plaintiff's Complaint and demands strict proof thereof.

94.     Defendant denies the allegations stated in Paragraph 108 of Plaintiff's Complaint and demands strict proof thereof.

95.     Defendant admits the allegations stated in Paragraph 109 of Plaintiff's Complaint to the extent that the following are true: the Order entered on August 8, 2019 is enforceable; that Plaintiff's right to due process was not violated by the Rules of Supreme Court of Virginia, the Code of Virginia, and the Fairfax Circuit Court's enforcement thereof; and that the sanctions were properly administered.

96.     Defendant denies the allegations stated in Paragraph 110 of Plaintiff's Complaint and demands strict proof thereof.

97.     Defendant denies the allegations stated in Paragraph 111 of Plaintiff's Complaint and demands strict proof thereof.

98.     Defendant denies the allegations stated in Paragraph 112 of Plaintiff's Complaint and demands strict proof thereof.

99.     Defendant denies the allegations stated in Paragraph 113 of Plaintiff's Complaint and demands strict proof thereof.

100.    Defendant denies the allegations stated in Paragraph 114 of Plaintiff's Complaint and demands strict proof thereof.

101.    Defendant denies the allegations stated in Paragraph 115 of Plaintiff's Complaint and demands strict proof thereof.

102.    Defendant denies the allegations stated in Paragraph 116 of Plaintiff's Complaint and demands strict proof thereof.

103.    Defendant moves to dismiss Paragraphs 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, and 116 of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

104.    Defendant denies the allegations stated in Paragraph 117 of Plaintiff's Complaint and demands strict proof thereof.

105.    Defendant denies the allegations stated in Paragraph 118 of Plaintiff's Complaint and demands strict proof thereof.

106.    Defendant denies the allegations stated in Paragraph 119 of Plaintiff's Complaint and demands strict proof thereof.

107.   Defendant admits the allegations stated in Paragraph 120 of Plaintiff's Complaint to the extent that the following are true: the Order entered on August 8, 2019 is enforceable; that the Excessive Fines Clause was not violated by the Rules of Supreme Court of Virginia, the Code of Virginia, and the Fairfax Circuit Court's enforcement thereof; and that the sanctions were properly administered.

108.   Defendant admits the allegations stated in Paragraph 121 of Plaintiff's Complaint.

109.   Defendant denies the allegations stated in Paragraph 122 of Plaintiff's Complaint and demands strict proof thereof.

110.   Defendant denies the allegations stated in Paragraph 123 of Plaintiff's Complaint and demands strict proof thereof.

111.   Defendant denies the allegations stated in Paragraph 124 of Plaintiff's Complaint and demands strict proof thereof.

112.   Defendant denies the allegations stated in Paragraph 125 of Plaintiff's Complaint and demands strict proof thereof.

113.   Defendant moves to dismiss Paragraphs 117, 118, 119, 120, 121, 122, 123, 124, and 125 of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

114.   Where Defendant did not explicitly admit any of the allegations stated in Plaintiff's Complaint, Defendant denies those allegations and demands strict proof thereof.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant WILLBERG CHAPILLIQUEN requests that this court grant him the following relief:

A.   That Plaintiff's Complaint be dismissed with prejudice;

B.   That Defendant's Motions to Dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted;

C.    That Defendant be awarded all costs and fees, including attorney fees, incurred in

defending against this action;

D.    That Defendant be awarded such other and further relief as this Court deems

necessary and proper.

Respectfully submitted,

WILLBERG CHAPILLIQUEN
By Counsel

Erin C. Barr, VSB #90010
The Law Offices of Erin C. Barr
10521 Judicial Drive, Suite #100
Fairfax, VA 22030
703-314-0595 (phone)
703-991-6085 (fax)
ebarr@thebarrlawoffices.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant Willberg
Chapilliquen's Answer to Complaint for Declaratory Relief and Motion to Dismiss Under Rule
12(b)(6) of the Federal Rules of Civil Procedure was sent via first class mail, postage prepaid,
this 22nd day of February, 2022, to Plaintiff, pro se, Randall Sousa, 101 N. Fifth Street, #1608,
Richmond, VA 23219, and via first class mail, postage prepaid, and fax this 22nd day of
February, 2022 to counsel for Defendant Circuit Court of Fairfax County, the Assistant Attorney
General, Office of the Attorney General, 204 Abingdon Place, Abingdon, VA 24211, fax number
276-628-4375.

Erin C. Barr

*Sousa v. Chapilliquen*
*Case No:* 21-cv-01304-MSN-JFA
Page **21** of **21**