## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

RANDALL SOUSA,

        Plaintiff,

v.

THE CIRCUIT COURT OF THE
COMMONWEALTH OF VIRGINIA, et al.,

        Defendants.

No. 1:21-cv-01304-MSN-JFA

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS

Defendants the Circuit Court of Fairfax County, Virginia[1] ("Circuit Court"), the Honorable

David Bernhard, Presiding Judge for the Circuit Court ("Judge Bernhard"), and the Honorable

Charles S. Sharp,[2] Judge Designate for the Circuit Court ("Judge Sharp") (collectively, the

"Judicial Defendants"), by counsel, under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure, move this Court to dismiss with prejudice all claims asserted against them in the

Verified First Amended Complaint ("FAC") filed by pro se Plaintiff Randall Sousa.

Sousa, a former Virginia attorney, challenges a $11,000 judicial sanction imposed in 2019

for his conduct as defense counsel in a divorce case. This Court lacks subject matter jurisdiction

due to the Judicial Defendants' Eleventh Amendment immunity and judicial immunity, as well as

under the *Rooker-Feldman* and *Younger* abstention doctrines. The FAC also fails to state a claim

because all claims are barred by the two-year statute of limitations for 42 U.S.C. § 1983 claims,

and Sousa's factual allegations plead no constitutional violation by the Judicial Defendants.

---

[1]     Sousa sues "The Circuit Court of the Commonwealth of Virginia," a nonexistent entity.
[2]     Sousa misspells Judge Sharp's name in the FAC as Sharpe, adding an extra "e."

## I.      PROCEDURAL BACKGROUND

Sousa filed an initial "Verified Complaint" and exhibits, ECF Nos. 1, 1-2 to 1-5, and 2, on November 26, 2021, naming the "Circuit Court of Fairfax County" and Willberg Chapilliquen as defendants. He did not serve the Complaint on the Circuit Court. On August 9, 2022, Sousa filed the FAC, ECF No. 28, changing "Circuit Court of Fairfax County" to "The Circuit Court of the Commonwealth of Virginia," and adding Judge Bernhard and Judge Sharp as new defendants.

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Sousa has not sought leave of this Court to file the FAC, nor has he obtained the written consent of the defendants to do so. In the interest of judicial economy and an efficient resolution, however, the Judicial Defendants respond herein to the FAC.

## II.      FACTUAL ALLEGATIONS

### A.      Circuit Court Divorce Case

This action arises from a divorce case filed in the Circuit Court in 2018. *See* FAC ¶ 15; *Chapilliquen v. Chapilliquen*, No. CL-2018-11016 (Fairfax Cty. Cir. Ct. 2018). Defendant Willberg Chapilliquen was the plaintiff spouse in the divorce case. *See* FAC ¶ 15. Sousa, a Virginia lawyer at that time, represented the defendant spouse, Sara Chapilliquen. *See* FAC ¶ 18. Judge Bernhard presided over portions of the divorce case, including the trial, *see* FAC ¶ 40, and certain post-judgment proceedings to enforce the Final Order of Divorce. After the recusal of local judges, Judge Sharp was designated to hear additional enforcement proceedings. *See* FAC ¶¶ 121, 123.

During the divorce case, the Circuit Court issued a July 30, 2019 opinion letter finding that Sousa had engaged in "pervasive neglect of his duties to his client," "obstructive noncompliance" with discovery orders, and "dishonesty at trial," and stating that it would impose a sanction of $11,000 against Sousa personally under Virginia Code § 8.01-271.1 and Rule 4:12(d) of the Rules of the Supreme Court of Virginia. FAC ¶¶ 60, 61; ECF No. 1-5, Opinion Letter at 2.

On August 8, 2019, the Circuit Court entered a Final Order of Divorce, which imposed the $11,000 sanction and required payment within thirty days. *See* Ex. A, Final Order of Divorce at 6-7.[3] Sousa did not timely pay the sanction, and his noncompliance resulted in enforcement and contempt proceedings and additional sanctions. *See* FAC ¶ 124. Sousa states that his parents paid $12,338 in January 2022, *see* FAC ¶¶ 124, 125, thus paying the $11,000 sanction at issue here.

Sousa's Virginia law license was later suspended and then revoked. *See Sousa v. Va. State Bar*, No. 191507 (Va. dismissed Jan. 16, 2020); *Sousa v. Va. State Bar*, No. 200575 (Va. dismissed June 23, 2020); *Sousa v. Va. State Bar*, No. 211003 (Va. dismissed Nov. 22, 2021).

### B. Direct Appeals in Divorce Case

Sousa, on behalf of Sara Chapilliquen, appealed the Final Order of Divorce to the Court of Appeals of Virginia, which dismissed the appeal when no opening brief or appendix was filed. *See* FAC ¶ 109; Ex. B, Order at 1, *Chapilliquen v. Chapilliquen*, No. 1435-19-4 (Va. Ct. App. dismissed Apr. 14, 2020). This dismissal was not appealed to the Supreme Court of Virginia.

Sousa also appealed a contempt order entered against him arising from his continued nonpayment of the $11,000 sanction imposed by the Final Order of Divorce. The Court of Appeals of Virginia dismissed the appeal because Sousa filed no appendix. *See* Ex. C, Order at 1, *Sousa v. Barr*, No. 0066-21-4 (Va. Ct. App. dismissed Apr. 15, 2021); ECF No. 1-6, Compl. Ex. 6 at 6. Sousa petitioned for an appeal to the Supreme Court of Virginia, erroneously identifying Judge Bernhard as the appellee, and the Supreme Court of Virginia dismissed the appeal because Sousa filed no assignments of error and did not comply with Va. Code § 17.1-410(B) (2021). *See* Ex. D, Order at 1, *Sousa v. Bernhard*, No. 210470 (Va. dismissed Oct. 15, 2021); Compl. Ex. 6 at 8.

---

[3]      "A federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion," and "without having to convert the Rule 12(b)(6) motion to one for summary judgment." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). Accordingly, the Judicial Defendants refer to the underlying state court documents.

### C.      Additional Litigation Filed by Sousa

Sousa has filed many other cases challenging the $11,000 sanction in the Final Order of Divorce: all have been unsuccessful. He filed two mandamus petitions, a prohibition petition, and a petition for mandamus, prohibition, and declaratory relief against Judge Bernhard in the Supreme Court of Virginia. *In re Chapilliquen,* No. 191530 (Va. dismissed Feb. 11, 2020); *In re Sousa*, No. 200856 (Va. dismissed Dec. 9, 2020); *In re Sousa*, No. 200677 (Va. dismissed Jan. 28, 2021); *In re Sousa*, No. 220109 (Va. dismissed June 27, 2022). He filed two tort actions for money damages against Judge Bernhard, Willberg Chapilliquen and his counsel, Erin Barr, and others in state circuit court. *See Sousa v. Bernhard*, No. CL20-3578 (City of Richmond Cir. Ct. nonsuited Jan. 8, 2021); *Sousa v. Bernhard*, No. CL20-2599 (City of Richmond Cir. Ct. nonsuited July 7, 2021). He filed a petition for mandamus, prohibition, and declaratory relief against the "Circuit Court of the Commonwealth of Virginia" and Willberg Chapilliquen in the Supreme Court of Virginia. *See Sousa v. Circuit Court of the Commonwealth of Va.*, No. 220079 (Va. withdrawn Mar. 22, 2022).

Relatedly, Sousa filed a mandamus petition against the Virginia State Bar and the Chair of the Virginia State Bar Disciplinary Board and tried but was not permitted to file a petition for a writ of quo warranto against the Circuit Court Clerk. *See Sousa v. Frey*, no case number assigned (Va. rejected July 29, 2020); *Sousa v. Havrilak*, No. 201035 (Va. dismissed May 19, 2021).

### D.      Claims and Relief Sought in this Action

Sousa claims that the $11,000 sanction violates the Fifth and Fourteenth Amendments' due process clauses and the Eighth Amendment's excessive fines clause. *See* FAC ¶¶ 128-147. He asks this Court to "declare the respective rights, duties, and responsibilities of Sousa and the Defendants with respect to the July 30 Order and declare that that July 30 Order has no application to Plaintiff in this matter, and that the July 30 Order is unconstitutional, void, and invalid" and to enjoin the enforcement of "the sanctions issued in the July 30 Order." FAC ad damnum ¶¶ 1, 3.

### III.    LEGAL STANDARD

####    A.    Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests a court's subject matter jurisdiction over a plaintiff's claims. "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id*. The court must, however, "view[] the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law," *Evans*, 166 F.3d at 647, but "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern*, 190 F.3d at 654.

####    B.    Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has stated a claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is required to state facts sufficient to "raise a right to relief above the speculative level," alleging a claim that is plausible rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). To determine whether a plaintiff's claims meet this plausibility standard, the Court should take as true all well-pleaded facts in the complaint and any attachments. *See Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). While the Court should "draw[] all reasonable factual

inferences from those facts in the plaintiff's favor," *Edwards*, 178 F.3d at 244, it "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019). In addition, while the Court liberally construes pro se litigants' pleadings to avoid inequity, it is not a pro se litigant's advocate. *See Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978).

IV.     **ARGUMENT**

      A.     **This Court lacks subject matter jurisdiction.**

            i.     **Eleventh Amendment immunity bars Sousa's claims against the Circuit Court.**

The Court should dismiss Sousa's claims against the Circuit Court under Rule 12(b)(1) because it is entitled to Eleventh Amendment immunity.[4] The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Under this amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

The Eleventh Amendment reinforces the common law doctrine of sovereign immunity, specifically ensuring that "the State cannot be sued in federal court at all, even where the claim has merit, and the importance of immunity as an attribute of the States' sovereignty is such that a court should address that issue promptly once the State asserts its immunity." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 n.4 (4th Cir. 2005).

---

4     Though "not a true limit on the subject-matter jurisdiction of federal courts, the Eleventh Amendment is a block on the exercise of that jurisdiction." *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48 (4th Cir. 1996). District courts in the Fourth Circuit often decide this issue under Rule 12(b)(1). *See Riddick v. Watson*, 503 F. Supp. 3d 399, 411 n.8 (E.D. Va. 2020).

This doctrine applies not just to states, but also to "state agents and state instrumentalities" such as the Virginia state court system. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). It absolutely protects states and their agencies and departments from suit in federal court, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable to "the States or their agencies, which retain their immunity against all suits in federal court").

Virginia's "state court system is an arm of the state government and is thus immune from suit under the 11th Amendment." *Thorne v. Hale*, No. 1:08cv601, 2009 U.S. Dist. LEXIS 25938, at *34 n.9 (E.D. Va. Mar. 26, 2009). *See Tucker v. Ben. Fin. I, Inc.*, No. 7:14cv673, 2015 U.S. Dist. LEXIS 5591, at *3-4 (W.D. Va. Jan. 16, 2015) (finding the Circuit Court of the City of Roanoke entitled to Eleventh Amendment immunity); *Smith v. Smith*, No. 7:07cv117, 2007 U.S. Dist. LEXIS 76087, at *13 (W.D. Va. Oct. 12, 2007) (finding the Circuit Court of Prince William County entitled to Eleventh Amendment immunity). Eleventh Amendment immunity absolutely bars Sousa's claims against the Circuit Court, which is an arm of the Commonwealth of Virginia.

ii.     **Eleventh Amendment immunity also bars Sousa's claims against Judge Bernhard and Judge Sharp.**

The Court should dismiss Sousa's claims against Judge Bernhard and Judge Sharp under Rule 12(b)(1) because both are state officials entitled to Eleventh Amendment immunity. While "state officials literally are persons," an official-capacity claim "is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Hence, an official capacity claim "is no different from a suit against the State itself." *Id.* While the FAC does not address the capacity in which Sousa sues the judges, he seeks only declaratory and injunctive relief relating to a court judgment, and this relief would only be

available from the judges in their official capacities as Circuit Court judges. Thus, all claims against them are official capacity claims, which are claims against the Commonwealth of Virginia.

Further, the *Ex parte Young* exception to Eleventh Amendment immunity does not apply. Under this exception, "federal courts may exercise jurisdiction over claims against state officials by persons at risk of or suffering from violations by those officials of federally protected rights, if (1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998) (citing *Ex parte Young*, 209 U.S. 123, 149-50 (1908)). First, Sousa's claims arise from the Final Order of Divorce imposing the $11,000 sanction, which was entered on August 8, 2019 and is not ongoing. Second, the relief sought is retrospective rather than prospective: the FAC asks this Court to declare that the $11,000 sanction is "unconstitutional, void, and invalid" and to enjoin its enforcement, while also pleading that it has already been paid in full. Because *Ex parte Young* does not apply, Eleventh Amendment immunity absolutely bars Sousa's claims against Judge Bernhard and Judge Sharp.

### iii.     Judicial immunity bars Sousa's claims against Judge Bernhard and Judge Sharp.

The Court should also dismiss Sousa's claims against Judge Bernhard and Judge Sharp under Rule 12(b)(1) because both are entitled to absolute judicial immunity. Judges are immune from claims arising from their judicial acts, "even if [their] exercise of authority is flawed by the commission of grave procedural errors" and "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356, 359 (1978). This doctrine is "a general principle of the highest importance to the proper administration of justice," recognizing that "a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* at 355. Moreover, judicial immunity "is an immunity from suit, not

just from ultimate assessment of damages," and thus it "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Judicial immunity bars not just monetary damages but also claims for injunctive relief. *See Willner v. Frey*, 421 F. Supp. 2d 913, 926 n.18 (E.D. Va. 2006). Section 1983 expressly states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In this context, "a declaratory decree refers to an order directing a particular judicial officer to take or refrain from taking a particular action in a particular dispute." *Murphy v. Ross*, No. 3:14cv870, 2015 U.S. Dist. LEXIS 49793, at *7 (E.D. Va. Apr. 15, 2015). Immunity applies and dismissal is proper when "Plaintiff alleges neither the violation of a declaratory decree by Defendants, nor the unavailability of declaratory relief." *Charnock v. Virginia*, No. 2:16cv493, 2017 U.S. Dist. LEXIS 172629, at *12 (E.D. Va. Jan. 4, 2017); *see Moseley v. Gardiner*, No. 1:20cv1248, 2021 U.S. Dist. LEXIS 114619, at *18 (E.D. Va. May 21, 2021) (finding a judge "completely immune from suit" on this basis).

Sousa challenges a judicial act, the Circuit Court's entry of the $11,000 sanction against him, but he alleges neither the violation of any declaratory decree directed to the judges, nor the unavailability of declaratory relief. Under the facts pleaded in the FAC, Judge Bernhard and Judge Sharp "are absolutely immune from suits under § 1983 for acts committed within their judicial discretion," *Grenadier v. Smith*, No. 1:17cv1106, 2017 U.S. Dist. LEXIS 225923, at *3-4 (E.D. Va. Nov. 17, 2017), and their judicial immunity absolutely bars Sousa's claims against them.

9

###### iv.     The *Younger* abstention doctrine bars Sousa's claims.

The Court should dismiss Sousa's claims under Rule 12(b)(1) based on the *Younger* abstention doctrine, which "expresses a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993). This doctrine "recognizes that state courts are fully competent to decide issues of federal law and has as a corollary the idea that all state and federal claims should be presented to the state courts." *Id. Younger* "requires a federal court to abstain from interfering in state proceedings, even if federal subject matter jurisdiction exists, if the following three factors are present: (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Beam v. Tatum*, 299 F. App'x 243, 246 (4th Cir. 2008).

All three factors are present here. First, this federal action filed in 2021 seeks to collaterally attack ongoing state court post-judgment enforcement proceedings arising from a 2018 divorce case and sanctions imposed in 2019 against Sousa as counsel in that case. Second, the underlying case implicates the Commonwealth's substantial interest both in domestic relations matters and in regulating the practice of law. *See Charnock v. Virginia*, No. 2:16cv493, 2017 U.S. Dist. LEXIS 172629, at *8 (E.D. Va. Jan. 4, 2017) (finding that the Commonwealth "has an important state interest in its own domestic relations proceedings"); *Brown v. Ortho Diagnostic Sys.*, 868 F. Supp. 168, 171 (E.D. Va. 1994) (recognizing "a strong and compelling state interest in regulating the practice of law"). Third, Sousa will continue to have adequate opportunities to raise his constitutional challenges in state court. Thus, the *Younger* abstention doctrine bars Sousa's claims.

10

### v.      The *Rooker-Feldman* abstention doctrine also bars Sousa's claims.

In addition, the Court should dismiss Sousa's claims under Rule 12(b)(1) based on the

*Rooker-Feldman* doctrine, which precludes federal district courts from exercising appellate

jurisdiction over final state court judgments. *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476,

482 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). If a party is injured

by a state court decision, the appropriate action is to appeal that decision, and "jurisdiction to

review such decisions lies exclusively with superior state courts and, ultimately, the United States

Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Thus, the *Rooker-Feldman*

doctrine applies when: "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains

of injuries caused by state-court judgments; (3) the state court judgment became final before the

proceedings in federal court commenced; and (4) the federal plaintiff invites district court review

and rejection of those judgments." *Willner v. Frey*, 243 F. App'x 744, 746 (4th Cir. 2007).

Here, all four conditions are met. First, the FAC arises exclusively from the state court

divorce case, which Sousa "lost" when the $11,000 sanction was entered against him, and second,

Sousa claims that he was injured by the sanction. Third, the state court judgment became final on

August 8, 2019, when the Final Order of Divorce was entered, and was not disturbed on appeal.

Fourth, Sousa now invites this Court to review and reject that state court final judgment.

The appropriate avenue for Sousa to seek relief would have been by appealing the sanction

directly, as he was entitled to do. *See, e.g.*, *Westlake Legal Grp. v. Flynn*, 293 Va. 344, 351 (2017)

(adjudicating an attorney's appeal of a sanction under Va. Code § 8.01-271.1); *Nusbaum v. Berlin*,

273 Va. 385, 390 (2007) (adjudicating an attorney's appeal of an order imposing a sanction for

misconduct before the court). His choice not to pursue state appellate review does not permit him

to mount a collateral attack in this Court. The *Rooker-Feldman* abstention doctrine bars his claims.

11

**B.     The FAC fails to state any claim upon which relief can be granted.**

    **i.     Sousa's § 1983 claims are time-barred.**

Because there is no federal statute of limitations for § 1983 claims, courts apply the state

limitations period that governs "personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280

(1985). In Virginia, the statute of limitations for personal injury claims is "two years," Va. Code

Ann. § 8.01-243(A), so the limitations period for a § 1983 claim in Virginia is two years. *See*

*A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011). A § 1983 claim "accrues

when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*

In addition, a motion to dismiss "tests the sufficiency of the complaint" and "generally cannot

reach the merits of an affirmative defense," but "where facts sufficient to rule on an affirmative

defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under

Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

    The FAC pleads that Sousa's claims arise from the Circuit Court's July 30, 2019 opinion

letter announcing the $11,000 sanction against him, but the Final Order of Divorce entered August

8, 2019 actually imposed the $11,000 sanction. Accordingly, Sousa knew or had reason to know

of the sanction on August 8, 2019, and the two-year statute of limitations for § 1983 claims began

to run on that date and ended on August 8, 2021. Sousa filed the initial Complaint naming the

Circuit Court on November 26, 2021, more than three months after the limitations period had run.

He filed the FAC adding Judge Bernhard and Judge Sharp as defendants on August 9, 2022, more

than one year after the limitations period had run. All possible § 1983 claims arising from the order

entering the $11,000 sanction are time-barred and should be dismissed with prejudice.

    **ii.     The FAC pleads no due process clause violation.**

Under the Due Process Clause of the Fourteenth Amendment, "nor shall any State deprive

any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

"At bottom, procedural due process requires fair notice of impending state action and an opportunity to be heard." *Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 146 (4th Cir. 2014). The FAC pleads that Sousa had both notice and opportunity to be heard before the Circuit Court imposed the $11,000 sanction. Sousa submitted as an exhibit the motion filed by Willberg Chapilliquen on June 4, 2019, seeking attorney's fees for discovery violations. *See* ECF No. 1-4, Motion in Limine at 2. He submitted as another exhibit the 278-page transcript of the June 11, 2019 trial, at which he was present and had an extensive opportunity to be heard before the Circuit Court entered the Final Order of Divorce on August 8, 2019. *See generally* ECF No. 2, Transcript. This is all the process that was due to Sousa, and he fails to state a claim for a due process violation.

### iii.     The FAC pleads no excessive fines clause violation.

"The Excessive Fines Clause of the Eighth Amendment prohibits the government from imposing excessive fines as punishment." *Korangy v. FDA*, 498 F.3d 272, 277 (4th Cir. 2007). As at issue here, "civil sanctions may fall within the scope of the amendment" when they "can only be explained as serving in part to punish." *Id.* A punitive civil penalty "will be found constitutionally excessive only if it is grossly disproportional to the gravity of the offense." *Id.*

The $11,000 sanction assessed against Sousa represented "a combination of attorney's fees for discovery violations and a monetary sanction for Sousa's untruthfulness to the Court in an oral motion." ECF No. 1-5, Opinion Letter at 19. The Circuit Court imposed this sanction after Sousa engaged in "pervasive neglect of his duties to his client," "obstructive noncompliance" with discovery orders, and "dishonesty at trial" in the divorce case, *id.* at 2, as recounted in greater detail in its opinion letter. As shown by the FAC and the exhibits submitted by Sousa, a $11,000 sanction is not grossly disproportional to the gravity of Sousa's conduct throughout the divorce case. Thus, Sousa fails to state a claim for a violation of the Eighth Amendment excessive fines clause.

## V.      CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Dismiss, dismiss with prejudice all claims against the Judicial Defendants, dismiss them from further proceedings in this action, and grant any other relief to them that the Court deems just and proper.

Respectfully submitted,

CIRCUIT COURT OF FAIRFAX
COUNTY, VIRGINIA,
HONORABLE DAVID BERNHARD, and
HONORABLE CHARLES S. SHARP

By: _____ /s/ Sheri H. Kelly _____
                    Counsel

Jason S. Miyares
Attorney General of Virginia

Steven G. Popps
Deputy Attorney General

Jacqueline C. Hedblom
Senior Assistant Attorney General/Trial Section Chief

*Sheri H. Kelly, VSB No. 82219
Assistant Attorney General
Office of the Attorney General
204 Abingdon Place
Abingdon, Virginia 24211
Phone: 276-628-2964
Fax: 276-628-4375
skelly@oag.state.va.us
*Counsel for Defendants Circuit Court of Fairfax County, Virginia, Honorable David Bernhard, and Honorable Charles S. Sharp

## CERTIFICATE

I hereby certify that on September 13, 2022, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United

States Postal Service the document to the following non-CM/ECF participants:

Randall Sousa
700 East Main Street, No. 970
Richmond, VA 23218
*Pro Se Plaintiff*

Erin C. Barr
The Law Offices of Erin C. Barr
10521 Judicial Drive, Suite 100
Fairfax, VA 22030
*Counsel for Defendant Willberg Teddy Chapilliquen*

By: ____/s/ Sheri H. Kelly_____
         Sheri H. Kelly