IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RANDALL SOUSA,<br><br>   Plaintiff,<br><br>v.<br><br>THE CIRCUIT COURT OF THE<br>COMMONWEALTH OF VIRGINIA, et al.,<br><br>   Defendants. | No. 1:21-cv-01304-MSN-JFA |

**JUDICIAL DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS**

Defendants Circuit Court of Fairfax County, Virginia (Circuit Court), Honorable David Bernhard, Presiding Judge for the Circuit Court (Judge Bernhard), and Honorable Charles S. Sharp, Judge Designate for the Circuit Court (Judge Sharp) (collectively, Judicial Defendants), by counsel, file this Reply in support of their Motion to Dismiss, ECF Nos. 39, 40, all claims asserted against them in pro se Plaintiff Randall Sousa's Verified First Amended Complaint (FAC), ECF No. 28, and in response to Sousa's Opposition, ECF No. 42. As detailed below, the Opposition fails to rebut any of the Judicial Defendants' several independent arguments for dismissal.

   **A. Sousa concedes that all claims against the Circuit Court should be dismissed.**

Sousa expressly "acknowledges that the Circuit Court may be an improperly named party." Opp. at 26. He does not dispute that the Circuit Court is an arm of the Commonwealth of Virginia entitled to Eleventh Amendment immunity and thus concedes this argument. The Circuit Court cannot be a "placeholder," *id.*, and the Court should dismiss all claims against it with prejudice.

### B. Sousa misrepresents the factual and legal background.

Sousa repeatedly states that he had no opportunity to appeal the sanction award that the Circuit Court imposed against him in the *Chapilliquen* Final Order of Divorce. *See* Pl.'s Opp. at 5-7. In fact, Sousa could have appealed the sanction award, but he did not. Under Va. Code § 8.01-271.1(D), a court may award sanctions directly against a party's attorney, as the Circuit Court did here. The sanctioned attorney may seek review in Virginia's appellate courts as an aggrieved party in their own name. *See, e.g.*, *Ford Motor Co. v. Benitez*, 273 Va. 242, 248 n.4 (2007) (adjudicating an attorney's appeal of a monetary sanction entered against him for filing a pleading not grounded in fact, and explaining that the attorney was a party to the petition for appeal "as the party aggrieved by the trial court's award of sanctions"); *Nusbaum v. Berlin*, 273 Va. 385, 390 (2007) (adjudicating an attorney's appeal of a monetary sanction entered against him for his conduct at trial).

Moreover, contrary to Sousa's allegation that Judge Bernhard filed a bar complaint against him "for the purpose of interfering with Sousa's ability to properly appeal," Pl.'s Opp. at 6, the status of Sousa's law license had no bearing on his ability to appeal the sanction award. A person may represent himself *pro se* in Virginia's courts without engaging in the unauthorized practice of law, *see* Va. Sup. Ct. R. pt. 6, § I, ¶¶ 4(C), 5(G), and Sousa would have been representing himself in the appeal of the $11,000 sanction award if he had chosen to file it. Sousa also misrepresents the status of his law license during the relevant period, as the Final Order of Divorce was entered on August 8, 2019, and Sousa's law license was not suspended until November 6, 2019. *See* Exhibit 1, Interim Suspension Order (Nov. 6, 2019). The deadline for Sousa to note an appeal of the Final Order of Divorce had long since passed when his license was suspended. *See* Va. Sup. Ct. R. 5:9(a), 5A:6(a) (imposing a 30-day deadline to file a notice of appeal from a final judgment).

Sousa also misrepresents to the Court the outcome of the bar complaint filed by Judge Bernhard, which he attaches to his Response. *See* Pl.'s Opp. at 6; ECF No. 42-1, Bar Complaint.

The Circuit Court of the City of Richmond adjudicated the misconduct charges arising from the *Chapilliquen* case and found that Sousa had violated Rules 1.1 (Competence), 1.3(a) (Diligence), and 8.1(c) (Bar Admission and Disciplinary Matters) of the Virginia Rules of Professional Conduct (which are Rules of the Supreme Court of Virginia, see Va. Sup. Ct. R. pt. 6, § 2). *See* Exhibit 2, Final Judgment Memorandum Order at 3-8 (Sept. 13, 2021). It revoked his Virginia law license as a sanction for these rule violations and other rule violations arising in separate incidents. *See id.* at 19. The Supreme Court of Virginia dismissed Sousa's appeal of right of his law license revocation because he failed to file assignments of error. *See* Exhibit 3, Dismissal Order (Nov. 22, 2021).

Further, Sousa accuses Judge Bernhard of violating the Virginia Canons of Judicial Conduct by attaching to his bar complaint printouts of contempt charges pending against Sousa in two other courts, as well as negative online reviews of Sousa's law practice. *See* Pl.'s Opp. at 23; ECF No. 42-1, Bar Complaint at 3-7. Sousa alleges that Judge Bernhard violated the canon that "[a] judge must not independently investigate facts in a case," Va. Sup. Ct. R. pt. 6, § III, Canon 1(K), ignoring the reality that Judge Bernhard investigated Sousa's conduct as a lawyer rather than any factual issues in the *Chapilliquen* divorce case. Meanwhile, Sousa overlooks the applicable and dispositive canon in this situation: "A judge who receives reliable information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects must inform the Virginia State Bar." Va. Sup. Ct. R. pt. 6, § III, Canon 2(T)(2). Further, "[a] judge has absolute immunity from civil action with respect to the discharge of disciplinary responsibilities under this standard." Va. Sup. Ct. R. pt. 6, § III, Canon 2(T)(3).

These serious misrepresentations of fact and law further undermine Sousa's claims against the Judicial Defendants and demonstrate that dismissal of all claims with prejudice is proper here.

### C. Sousa fails to rebut the Judicial Defendants' position that their Eleventh Amendment immunity and judicial immunity bar his claims in this action.

Sousa argues that Eleventh Amendment immunity and judicial immunity do not apply to his purported demand for "prospective declaratory relief." Pl.'s Opp. at 11-13, 22. He admits that he seeks to overturn and bar enforcement of a past court order. *See id*. at 12-13. "[A] declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of *some future conduct*, not simply to proclaim liability for a past act." *Ruhbayan v. Smith*, No. 21-7419, 2022 U.S. App. LEXIS 19587, at *2 (4th Cir. July 15, 2022). "[R]elief sought is not prospective where specific allegations target past conduct, and the remedy sought is not intended to halt a present, continuing violation of federal law." *Id.* A litigant's "request for declaratory relief is purely retrospective" when he seeks to challenge the constitutionality of past court proceedings, and judges sued on this basis "are protected by judicial immunity" from such claims. *Id.*

A declaration of the invalidity of a past court order is necessarily backward-looking and thus is barred by Eleventh Amendment immunity. The Circuit Court entered final judgment more than three years ago, and Sousa did not appeal that order. Sousa's failure to pursue available state-court appellate remedies does not authorize him to mount a collateral attack here.

Sousa also claims that Judge Bernhard is not entitled to judicial immunity because he acted as an "amateur sleuth" rather than as a judicial officer in filing the bar complaint against Sousa. *See* Pl.'s Opp. at 23-25. This argument misses the whole point of Sousa's action, as he does not challenge his Virginia law license revocation—he challenges the $11,000 sanction awarded against him in the *Chapilliquen* divorce case. Sousa does not, and cannot, offer any argument or authority that the Circuit Court's entry of the Final Order of Divorce was a non-judicial act.

Sousa does not contest that his request for injunctive relief is barred by Eleventh Amendment immunity and judicial immunity, and he has thereby conceded this issue.

4

### D. Sousa fails to rebut the Judicial Defendants' position that the *Younger* abstention doctrine bars his claims in this action.

Sousa argues that *Younger* abstention is inappropriate because he was not a party to the Final Order of Divorce entered in the *Chapilliquen* case. *See* Pl.'s Opp. at 14-15. As explained above, this is incorrect. The Circuit Court specifically sanctioned Sousa by name in the Final Order of Divorce, and on this basis, Sousa had the opportunity to seek review of the sanction award in Virginia's appellate courts. The fact that Sousa chose not to appeal does not make him a nonparty.

Sousa also challenges the Commonwealth's substantial interest in domestic relations matters and in regulating the practice of law. *See* Pl.'s Opp. at 15-16. His arguments fall flat. Sousa, acting as counsel in a divorce case, engaged in "pervasive neglect of his duties to his client," "obstructive noncompliance" with discovery orders, and "dishonesty at trial," ECF No. 1-5, Opinion Letter at 2, to the detriment of his client, the opposing party and counsel, and the justice system. The Commonwealth's interest in addressing this serious misconduct is indisputable.

Lastly, Sousa argues that he lacks an adequate opportunity to raise his constitutional challenges in state court. *See* Pl.'s Opp. at 15-16. In support, he makes the false claim that Judge Bernhard filed a bar complaint as "a pretext to interfere with Sousa's ability to appeal Judge Bernhard's baseless sanction order." *Id.* at 16. As stated above, this position is without merit, and the misconduct reported by Judge Bernhard resulted in a prosecution by the Virginia State Bar, a judgment by the Circuit Court of the City of Richmond, and the revocation of Sousa's law license.

On this same point, Sousa also argues that he cannot raise his constitutional challenges in state court because the Final Order of Divorce is now final and unappealable and any § 1983 claims arising from it are time-barred. *See* Pl.'s Opp. at 17-18. Both circumstances are of his own making and do not authorize a collateral attack. Finally, Sousa claims that the Virginia state court system is biased against him and that he "cannot get relief on the state level because over the course of

two and a half years, the judiciary of Virginia has been totally unreceptive to Sousa's claims regardless of their merit." Pl.'s Opp. at 21. In contrast, Sousa's lengthy and unsuccessful litigation history in Virginia courts, *see* ECF No. 40, Defs.' Mem. at 4, demonstrates the absence of merit.

> **E.    Sousa fails to rebut the Judicial Defendants' position that the *Rooker-Feldman* abstention doctrine bars his claims in this action.**

To avoid the application of the *Rooker-Feldman* abstention doctrine, Sousa again argues that he was not a party to the Final Order of Divorce entered in the *Chapilliquen* case. *See* Pl.'s Opp. at 21. That argument fails on the grounds already set out above for *Younger* abstention.

> **F.    Sousa fails to rebut the Judicial Defendants' position that his § 1983 claims are time-barred.**

Sousa argues that his claims against the Judicial Defendants are not time-barred, relying on judicial emergency orders of the Supreme Court of Virginia that tolled the running of state statutes of limitations for 126 days at the outset of the COVID-19 pandemic. *See* Opp. at 27-28. He accepts that the two-year statute of limitations began to run on August 8, 2019, but he argues that Virginia's judicial emergency orders extended his filing deadline from August 8, 2021 to December 13, 2021, and contends that his action was timely filed on November 26, 2021. *See id.*

The 126-day tolling period does not save Sousa's claims. The filing of the initial Complaint against other defendants did not toll the running of the statute of limitations against Judge Bernhard and Judge Sharp because "[t]he mandate remains that a plaintiff has the burden of locating and suing the proper defendant within the applicable limitations period." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 473 (4th Cir. 2007). Sousa admits that the two-year statute of limitations ran by December 13, 2021, but he did not name Judge Bernhard or Judge Sharp as defendants until he filed the First Amended Complaint on August 9, 2022, more than seven months too late.

Sousa's failure to timely name Judge Bernhard and Judge Sharp was not the product of any excusable mistake, and "when a person would reasonably believe that the time for filing suit had

expired, without having been given notice that it should have been named in an existing action, that person is entitled to repose." *Goodman*, 494 F.3d at 472. Sousa knew these judges' identities and was well-aware of his claims against them. The initial Complaint includes extensive allegations against Judge Bernhard, *see generally* ECF No. 1, Compl., but Sousa chose not to name Judge Bernhard as a defendant until much later. Sousa's pleadings also show that he knew of his claims against Judge Sharp before the limitations period ran but chose to wait to add him as a defendant. *See* ECF No. 10, Ex Parte Application for Temporary Restraining Order at 13 (pleading that Judge Sharp had been designated to hear the Circuit Court case at least by November 2021).

### G. Sousa fails to rebut the Judicial Defendants' position that he states no claim for any due process violation.

To avoid dismissal of his due process claim, Sousa relies on Rule 1:18(b) of the Rules of the Supreme Court of Virginia, which permits trial courts to enter a Uniform Pretrial Scheduling Order found in the Rules. *See* Pl.'s Opp. at 2-4, 28-29. Entry of a scheduling order under this rule is optional, *see* Va. Sup. Ct. R. 1:18(b), and Sousa does not plead that a scheduling order was entered in the *Chapilliquen* case or attach a copy of any scheduling order entered in the case. Notwithstanding this omission, he relies on a provision in the Uniform Pretrial Scheduling Order stating that: "Absent leave of court, any motion in limine which requires argument exceeding five minutes must be duly noticed and heard before the day of trial." This provision expressly permits other arrangements via "leave of court," and Sousa also cites no legal authority showing that this optional state court procedure has any bearing on the contours of constitutional due process.

### H. Sousa fails to rebut the Judicial Defendants' position that he states no claim for any excessive fines clause violation.

To avoid dismissal of his excessive fines clause claim, Sousa reiterates his position that the Circuit Court erred in awarding a sanction against him under Va. Code § 8.01-271.1 and Rule 4:12(d) of the Rules of the Supreme Court of Virginia. *See* Pl.'s Opp. at 4-5, 28-30. His argument

never mentions the amount of the sanction, which is the essence of an excessive fines clause claim. Sousa does not dispute, and thus concedes, the Judicial Defendants' position that the $11,000 sanction was not grossly disproportional to the gravity of Sousa's conduct in the divorce case.

For the foregoing reasons, and on the grounds stated in the Motion to Dismiss, the Court should dismiss with prejudice all claims against the Judicial Defendants, dismiss them from further proceedings in this action, and grant any other relief to them that the Court deems just and proper.

Respectfully submitted,

CIRCUIT COURT OF FAIRFAX COUNTY, VIRGINIA, HONORABLE DAVID BERNHARD, and HONORABLE CHARLES S. SHARP

By: \_\_\_\_/s/ Sheri H. Kelly_____
           Counsel

Jason S. Miyares
Attorney General of Virginia

Steven G. Popps
Deputy Attorney General

Jacqueline C. Hedblom
Senior Assistant Attorney General/Trial Section Chief

*Sheri H. Kelly, VSB No. 82219
Assistant Attorney General
Office of the Attorney General
204 Abingdon Place
Abingdon, Virginia 24211
Phone: 276-628-2964
Fax: 276-628-4375
skelly@oag.state.va.us
*Counsel for Defendants Circuit Court of Fairfax County, Virginia, Honorable David Bernhard, and Honorable Charles S. Sharp*

# **CERTIFICATE**

I hereby certify that on October 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Randall Sousa
700 East Main Street, No. 970
Richmond, VA 23218
*Pro Se Plaintiff*

Erin C. Barr
The Law Offices of Erin C. Barr
10521 Judicial Drive, Suite 100
Fairfax, VA 22030
*Counsel for Defendant Willberg Teddy Chapilliquen*

By: \_\_\_\_/s/ Sheri H. Kelly_____
      Sheri H. Kelly