Randall Sousa
*Pro Se Plaintiff*
700 East Main Street, # 970
Richmond, VA 23218
Tel: (804) 372-7092
Email: randallsousa@gmail.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA – ALEXANDRIA DIVISION

| | |
|---|---|
| RANDALL SOUSA,<br><br>Plaintiff,<br><br>v.<br><br>THE CIRCUIT COURT OF THE COMMONWEALTH OF VIRGINIA; THE HONORABLE DAVID BERNHARD; THE HONORABLE CHARLES S. SHARP; and WILLBERG TEDDY CHAPILLQUEN<br><br>Defendants. | Case No.: 1:21-CV-01304-MSN-JFA<br><br>**OBJECTION TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Randall Sousa ("Sousa") hereby submits this objection to Defendants Circuit Court of the Commonwealth of Virginia, the Honorable David Bernhard, and the Honorable Charles Sharp's (collectively "Defendants") Reply in Support of their Motion to Dismiss. The basis for this objection is that Defendants' Reply contains new arguments and evidence which could have previously been raised in Defendants' initial moving papers. More fundamentally, these new arguments and evidence are verifiably misrepresentative and irrelevant. The Court should give no consideration to these new arguments and evidence or, if it does, Plaintiff respectfully requests the opportunity to file a sur-reply.

## II. OBJECTION

"Typically, courts will not consider an argument raised for the first time in a reply brief."

[*Touchcom, Inc. v. Bereskin & Parr*, 790 F.Supp.2d 435, 446 (E.D. Va. 2011) (citation omitted)]. "The primary reason for declining such consideration is where the opposing party is prejudiced in its ability to respond to the argument." [*Ibid.* (citation omitted)]. However, "the power to decline consideration of such arguments is discretionary, and courts are not precluded from considering such issues in appropriate circumstances." [*Zinner v. Olenych*, 108 F.Supp.3d 369, 398 (E.D.Va. 2015) (citations omitted)]. In the FAC, Sousa made the following allegations:

- In response to Judge Bernhard's issuance of the July 30 Order and the August 8 Final Order, "Sousa filed an appeal in Sara's name because the July 30 Order imposed a significant amount of relief against Sara...Thus, the intention was to address all of Judge Bernhard's errors—including his unconstitutional imposition of sanctions against Sousa—in the appellate brief filed on Sara's behalf." [Dkt. # 28 at ¶¶ 109-110].

- "But instead of allowing the case to proceed through the normal appellate process, Judge Bernhard, with sinister and unlawful motives, filed a baseless bar complaint against Sousa during the pendency of the Chapilliquen matter. Subsequent to Judge Bernhard's lodging of the bar complaint, the Virginia Bar subpoenaed Sousa to turn over all documents related to the Chapilliquen matter. However, when Sousa refused on the grounds of privilege...the Virginia Bar suspended Sousa's law license." [*Id.* at ¶¶ 111-112].

The foregoing allegations are present on the face of the FAC, but in their initial moving papers, Defendants did not raise any arguments which contravene or rebut the foregoing allegations. Yet now, for the first time in their reply brief, Defendants argue that Sousa "misrepresents to the Court the outcome of the bar complaint filed by Judge Bernhard [because] the Circuit Court of the City of Richmond adjudicated Sousa's misconduct charges and revoked his law license." Defendants then attach as evidence a copy of the Virginia State Bar's decision revoking Sousa's law license. [Dkt. # 44 at pp. 2-3; Dkt. # 44-2]. Because this argument and the corresponding evidence were not submitted in Defendants' initial moving papers—despite the presence of the FAC's allegations at ¶¶ 109-112—Plaintiff lodges this objection asking the Court to not consider this new argument or evidence because it could have previously been raised.

However, to the extent that the Court does consider it, it is verifiably untrue. The

immutable truth is that Sousa's law license was revoked long after the initial suspension precipitated by Judge Bernhard's pretextual and baseless bar complaint. To be sure, it was the initial suspension of Sousa's law license which led to a cascading effect which resulted in additional discipline for Sousa—discipline which was a product of Sousa's inability to properly navigate his post-suspension affairs while in the full throes of a never previously experienced episode of mania. This manic episode was precipitated by Judge Bernhard's draconian and pretextual attempt to destroy Sousa's career and the ability to provide for his family.

Prior to Judge Bernhard's baseless complaint precipitating the suspension of Sousa's law license, Sousa literally had *zero instances of misconduct* or any official complaints. Indeed, the Virginia State Bar's full and complete Suspension Order—which Defendants conveniently omitted from their submissions to this Court—makes explicit that at the time of his suspension resulting from Judge Bernhard's bar complaint *"the Board found that the Respondent [Sousa] had no prior disciplinary action; and, in fact, this case is not a misconduct case but arises solely from his failure to comply with the Interim Suspension Order."* [Exhibit 1 at p. 12 (emphasis added)]. Exhibit 1 is a true and correct copy of relevant portions of the VSB's suspension order. Ultimately, Sousa's law license was revoked in a much later hearing—a hearing which, by Defendants' counsel's own admission, Sousa's due process rights were "much more limited." [Exhibit 2 at ¶ 8]. Exhibit 2 is a true and correct copy to Bernhard's Opposition Sousa's subpoena for Bernhard to testify at Sousa's VSB revocation hearing.

In light of all of the foregoing, a reasonable inference can be drawn that Defendants' submission of Sousa's disciplinary proceedings is merely a ploy to further smear and harass Sousa because this evidence is *completely irrelevant and misrepresentative*. It is misrepresentative for the reasons described above, and it is irrelevant because the relief Sousa

-3-
OBJECTION TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

would have been afforded in the VSB proceedings are entirely divorced from the relief being sought here. More specifically, even if Sousa prevailed in the VSB disciplinary hearing, and his license was reinstated, it would not change the fact that the unconstitutional July 30 Order would still be in effect. Sousa does not seek to reinstate his law license here and Sousa is not suing the Virginia State Bar. This matter is strictly constitutional in nature.

## III. CONCLUSION

For the foregoing reasons, the Court should not give any consideration to the new evidence and argument presented in Defendants' Reply in Support. However, to the extent the Court considers this argument and evidence, Sousa requests to file a sur-reply because the evidence and argument presented are provably misrepresentative and irrelevant. Also, Judge Bernhard did not "receive" information from anyone. He went out and harvested personal information about Sousa. Then, after having been infected and influenced by the findings of this extrajudicial investigation, Judge Bernhard penned the July 30 Order. That July 30 Order was completely infected by the poison Judge Bernhard drank when he decided to go outside his official duties by engaging in an extrajudicial investigation.

## **VERIFICATION**

I, **RANDALL SOUSA**, declare under penalty of perjury under the laws of the United States and the Commonwealth of Virginia that I am the pro se Plaintiff in the above-captioned matter and that the foregoing is true and correct. I have read the entirety of this Objection and understand the contents thereof. The same is true of my own knowledge, except to those matters which are alleged on information and belief, and as to those matters, I believe them to be true.

Date: Oct. 11, 2022

*Randall Sousa*
RANDALL SOUSA

-4-
OBJECTION TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
_____ DIVISION

_Randall Sousa_____
Plaintiff(s),

v.

_Circuit Court of Fairfax_____
Defendant(s).

Civil Action Number: 1:21-CV-01304

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of _Objection to Def. Reply_
(Title of Document)

_Randall Souse_____
Name of Pro Se Party (Print or Type)

_/s/_____
Signature of Pro Se Party

Executed on: _10/11/22_____ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _____ (Date)