UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

RANDALL SOUSA,
    *Plaintiff*,

v.

THE CIRCUIT COURT OF FAIRFAX COUNTY, *et al.*,
    *Defendants*.

1:21-cv-01304-MSN-JFA

**ORDER**

This matter comes before the Court on a motion to dismiss filed by the Circuit Court of Fairfax County, Judge David Bernhard, and Judge Charles S. Sharp ("defendants")[1] (Dkt. No. 39), in which the defendants seek dismissal of plaintiff's amended complaint with prejudice for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1) and (6). Upon consideration of the motion, opposition thereto, and reply brief, and finding that further briefing or oral argument would not materially aid the Court's decisional process, the Court GRANTS defendants' motion to dismiss for the reasons that follow.

**I.    Background**

Plaintiff's complaint arises from a 2018 divorce proceeding in the Circuit Court of Fairfax County involving Willberg Chapilliquen (plaintiff spouse) and Sara Chapilliquen (defendant spouse) in which plaintiff, a former attorney, represented Sara; Judge Bernhard presided over the trial; and both Judges Bernhard and Sharp presided over various post-judgment proceedings. *See* First Am. Compl. ("FAC") (Dkt. No. 28) at ¶ 15–18, 40, 120–23. During the course of the divorce

---

[1] A fourth named defendant, Willberg Teddy Chapilliquen, did not join in this motion.

case, Judge Bernhard issued an opinion letter on July 30, 2019, sanctioning plaintiff for "pervasive neglect of his duties to his client," "obstructive noncompliance" with discovery orders, and "dishonesty at trial." *Id.* at ¶¶ 60–61; FAC Ex. 5 ("July 30 Order")[2] (Dkt. No. 1–5) at 2. The Circuit Court entered a Final Order of Divorce on August 8, 2019, which incorporated the July 30 opinion letter by reference and ordered plaintiff to pay $11,000 in attorney's fees and sanctions within thirty days. *See* Defendant's Memorandum in Support of Motion to Dismiss ("Def.'s Memo") (Dkt. No. 40), Ex. A, at 6–7. The Virginia State Bar subsequently suspended plaintiff's license to practice law. FAC ¶ 112. Plaintiff failed to pay the sanction on time and post-judgment enforcement proceedings ensued, which included a new order, issued by Judge Sharp, requiring plaintiff to pay an additional $1,305 in sanctions, for a total of $12,338. *See* FAC ¶¶ 122–24.

Plaintiff, *pro se*, brings the present action in federal court under 42 U.S.C. § 1983, alleging that defendants violated his Fifth and Fourteenth Amendments' due process rights, as well as his right to be free from excessive fines under the Eighth Amendment, when they entered, upheld, and sought to enforce the judicial "order" from July 30, 2019. Plaintiff seeks redress by asking the Court to "declare the respective rights, duties, and responsibilities of Sousa and the Defendants with respect to the July 30 Order and declare that that July 30 Order has no application to Plaintiff in this matter, and that the July 30 Order is unconstitutional, void, and invalid," and further asks the Court to order Chapilliquen to pay plaintiff $12,338 and to enjoin defendants from future enforcement of the July 30 Order.[3] *Id*. at 25–26.

---

[2] Throughout the amended complaint, plaintiff refers to the "July 30 Order," but this is not an accurate representation of the record. Judge Bernhard issued an opinion letter on July 30, 2019, explaining his reasons for imposing sanctions; however, the actual imposition of sanctions occurred in the Circuit Court's Final Order of Divorce, issued on August 8, 2019. Nevertheless, to avoid confusion, the Court will leave plaintiff's phrasing intact.

[3] The Court notes that plaintiff initially alleges his parents paid this amount to Chapilliquen after enforcement proceedings (FAC ¶ 125), but in his opposition brief (Dkt. No. 42 at 8), plaintiff says he was able to get his money back because he mistakenly paid the Commonwealth instead of Chapilliquen or his counsel.

## II. Discussion

Defendants seek dismissal of plaintiff's amended complaint on two grounds: (1) this Court's lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and (2) plaintiff's failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). In support of the first ground for dismissal, defendants put forth multiple legal doctrines that preclude plaintiff's claims, *i.e.*, state sovereign immunity under the Eleventh Amendment, judicial immunity, the *Younger* abstention doctrine, and the *Rooker-Feldman* abstention doctrine. *See* Def.'s Memo at 6–13. Because this Court finds that the complaint is properly dismissed for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine, it need not reach the remaining legal doctrines nor the 12(b)(6) argument.

### A. Legal Standard

"The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In determining whether the plaintiff has met his burden, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). This Court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the [defendants are] entitled to prevail as a matter of law." *See id.*

When assigning federal subject matter jurisdiction, Congress allocated original jurisdiction to district courts in certain instances but reserved "<u>appellate</u> jurisdiction over final state court judgments to the Supreme Court in [28 U.S.C.] § 1257(a)." *Thana v. Bd. of License Comm'rs for Charles Cty., Md.*, 827 F.3d 314, 319 (4th Cir. 2016). If a party is injured by a state court decision,

the appropriate action is to appeal that decision, and "jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). The *Rooker-Feldman* doctrine thus precludes lower federal courts from reviewing state-court decisions. *Id.*; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the *Rooker-Feldman* doctrine is jurisdictional, this Court must address it before proceeding further in its analysis. *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002).

"The controlling question in the *Rooker-Feldman* analysis is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). This doctrine "extends not only to issues actually decided by a state court but also to those that are inextricably intertwined with questions ruled upon by a state court," such as when "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) (cleaned up). If granting plaintiff the relief sought would require this Court to find that the "state court judgment was erroneously entered" or otherwise "render the judgment ineffectual, *Rooker-Feldman* is implicated." *See id.*

### B. Subject Matter Jurisdiction

In this case, plaintiff plainly asks the Court to make a finding as to the validity and constitutionality of the July 30 Order. FAC at 25–26. Although plaintiff tries to frame this as a request for prospective declaratory relief, this Court has previously found that requests for declaratory relief under § 1983 may still be barred by the *Rooker-Feldman* doctrine when they are functionally asking for federal court review of a state court final judgment. *See* Order, *Leiser v.*

*Lemon*, No. 1:18-cv-349 (LMB/MSN), Dkt. No. 17 (E.D. Va. June 21, 2018), *aff'd*, 744 F. App'x 841 (4th Cir. 2018) (per curiam), *cert. denied*, 139 S. Ct. 2617; *Rodriguez v. Doe*, No. 3:12-cv-00663-JAG, 2013 WL 1561012, at *4 (E.D. Va. Apr. 12, 2013) (applying *Rooker-Feldman* to suit seeking to overturn Virginia Supreme Court decision to disbar attorney), *aff'd*, 549 F. App'x 141 (4th Cir. 2013). "A litigant may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, amounts to nothing more than an attempt to seek review of the state court's decision by a lower federal court." *Am Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

Plaintiff's argument that *Rooker-Feldman* does not apply because he was not a party to the original state court action is similarly unpersuasive, and the cases upon which he relies are readily distinguished. *See* Pl. Opp. (Dkt. No. 42) at 21. The Supreme Court in *Lance v. Dennis* reversed the district court's conclusion that the *Rooker-Feldman* doctrine *categorically* precluded a plaintiff who was in privity with a party to the state-court judgment, but specifically declined to "address whether there are *any* circumstances, however limited, in which *Rooker-Feldman* may be applied against a party not named in an earlier state proceeding." 546 U.S. 459, 466 and n.2 (2006). Moreover, the fact that plaintiff was not a named party in the Circuit Court proceeding is, in this case, a mere technicality; he was specifically named in the Court's August 8, 2019, Order, which states "that the attorney for Defendant, Mr. Randall Sousa, shall personally pay to Plaintiff $11,000.00 in attorney's fees and sanctions." Def.'s Memo, Ex. A, at 6.

In *Hulsey v. Cisa*, the Fourth Circuit identified multiple factors that took plaintiff Hulsey outside the scope of *Rooker-Feldman*: (1) plaintiff was not complaining of or seeking redress for "an injury caused by the state-court decision *itself*" but rather by a third-party's conduct; (2) plaintiff did not file the action in federal district court "specifically" to "invite district court review

5

and rejection of a state-court judgment, as would typify an appeal," as his "complaint [did] not seek, implicitly or explicitly, reversal or modification of the [state] court's judgment"; and (3) plaintiff's complaint asserted fraud claims that were "independent from the state-court decision." 947 F.3d 246, 250–53 (4th Cir. 2020) (cleaned up). Here, each of these factors counsels in favor of precluding plaintiff's claims: (1) plaintiff complains of and seeks redress for an injury—the $11,000 sanction—explicitly caused by the Circuit Court's Order; (2) by asking this Court to render the "July 30 Order" void, invalid, and unenforceable (FAC at 25–26), plaintiff is specifically seeking review and rejection of the state-court decision; and (3) plaintiff's claims stem entirely from the state-court decision and have no independent basis.

Plaintiff's proper course for judicial review of this final judgment would have been a direct appeal in state court, which plaintiff initiated but failed to perfect. *See* Def.'s Memo, Ex. B (Order, *Chapilliquen v. Chapilliquen*, No. 1435-19-4 (Va. Ct. App. dismissed Apr. 14, 2020) at 1. Since then, plaintiff has filed multiple lawsuits in multiple courts seeking review of this state-court judgment. *See* Def.'s Memo at 4 (collecting cases). The instant action is a continuation of these efforts and thus falls squarely within the scope of *Rooker-Feldman*. As such, this Court does not have subject matter jurisdiction and cannot proceed further.

### III.   Conclusion

Accordingly, for the reasons stated above, defendants' motion to dismiss (Dkt. No. 39) is GRANTED and it is hereby

ORDERED that plaintiff's amended complaint (Dkt. No. 28) is DISMISSED.

To appeal this decision, plaintiff must file a written Notice of Appeal with the Clerk of this Court within sixty (60) days of the date of the entry of this Order. A written Notice of Appeal is a short statement stating a desire to appeal an order and identifying the date of the order plaintiff

wants to appeal. Failure to file a timely Notice of Appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to enter judgment in defendants' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record and plaintiff *pro se*, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

November 16, 2022
Alexandria, Virginia